IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN RICHARD PENWARDEN**,                    Civil Case No. 09-978-KI

             Plaintiff,

     vs.                                                                    OPINION AND ORDER

**MICHAEL J. ASTRUE**, Commissioner
of Social Security,

             Defendant.


      John Richard Penwarden
      14360 NE Failing St
      Portland, Oregon  97230

             Pro Se Plaintiff

      Dwight C. Holton
      United States Attorney
      District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204
Lisa Goldoftas
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, Washington  98104

      Attorneys for Defendant

KING, Judge:

Plaintiff John Penwarden brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and

remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able

to perform work she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Penwarden had severe impairments of substance abuse, knee pain, and a history of two craniotomies resulting in a mood disorder and cognitive disorder.  The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  Based on the medical record available to him, the ALJ found that

Penwarden can perform light work but cannot climb or bend frequently, is limited to simple routine tasks, and is limited to work that does not involve interaction with the general public. Based on vocational expert testimony, the ALJ found that Penwarden could work as a small parts assembler, a ticketer, and a table worker, and was thus not disabled under the Act.

## DISCUSSION

I.    <u>Commissioner's Motion to Strike</u>

Penwarden is not represented by counsel.  He participated in the Voluntary Settlement Procedure this court put in place to assist with the resolution of cases such as his which seek judicial review of Social Security Administration decisions.  As part of the settlement process, Penwarden exchanged documents with the Commissioner's counsel.  The case did not settle, and the court put a briefing schedule in place.  Penwarden attached some of the settlement communications and documents to his opening brief.

The Commissioner asks me to strike Penwarden's opening brief (#24) from the record because it contains several of these confidential documents, some of which are annotated "CONFIDENTIAL–NOT TO BE FILED WITH THE COURT."  Pl.'s Opening Br. Ex. 1, at 1. The court's Standing Order creating the Voluntary Settlement Procedure states that the documents exchanged during settlement discussions are kept confidential and are not filed with the court.  Standing Order 2010-2(2).  Penwarden's brief contains little else other than a procedural history of the case.  He filed the documents, which are not part of the administrative record, to give the court a more complete picture of his medical situation.

I grant the motion and strike the opening brief and its exhibits.  I also am unable to include the documents in the record and decide the disability issue on the merits, as Penwarden

asks.  Judicial review of agency decisions is generally limited to the evidence the agency

considered when making its decision.  Humane Soc'y of United States v. Locke, 626 F.3d 1040,

1058 (9th Cir. 2010).  I advise Penwarden that this does not mean the documents cannot be

considered at all, but they must first be provided to the ALJ for his consideration.  Accordingly,

the case will proceed in this court on the record before the ALJ.

II.    Commissioner's Motion to Remand

        Although Penwarden told the ALJ at the hearing that he had a VA disability rating, the

ALJ did not obtain the records from the VA.  In a recent case, the Ninth Circuit held that if the

record "suggests a likelihood that there is a VA disability rating, and does not show what it is, the

ALJ has a duty to inquire."  McLeod v. Astrue, __ F.3d __, No. 09-35190, 2011 WL 347133, at

*3 (9th Cir. Feb. 4, 2011).  The Commissioner concedes that Penwarden's case must be

remanded so that the ALJ can obtain Penwarden's VA disability rating and reconsider the

evidence.  I agree and adopt the Commissioner's recommendation concerning the proceedings on

remand.  The ALJ should:

        1.  Obtain Penwarden's VA rating and add it to the administrative record.
        If the ALJ is not successful in obtaining the rating, he should document the
        attempts to do so in the record;

        2.  Offer Penwarden an opportunity for another hearing;

        3.  Develop the record as necessary;

        4.  Reevaluate Penwarden's case in light of the VA rating and other
        evidence in the record; and

        5.  Continue with the sequential evaluation process and issue a new
        decision.

**CONCLUSION**

Defendant's Motion to Strike Plaintiff's Brief and to Remand (#28) is granted.  The

decision of the Commissioner is reversed.  This action is remanded to the Commissioner under

sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained

above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this _____5th_____ day of April, 2011.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 7 - OPINION AND ORDER